```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

|                    |   |                    |
|--------------------|---|--------------------|
| TROY T. COLEMAN,   | ◊ |                    |
|                    | ◊ |                    |
|     Petitioner,    | ◊ |                    |
|                    | ◊ |                    |
| vs.                | ◊ | No. 05-2894-B/An   |
|                    | ◊ |                    |
| BRUCE PEARSON,     | ◊ |                    |
|                    | ◊ |                    |
|     Respondent.    | ◊ |                    |
|                    | ◊ |                    |

```
            ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
              ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                   AND
                      NOTICE OF APPELLATE FILING FEE
```

Petitioner Troy T. Coleman, Bureau of Prisons inmate registration number 06337-062, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241 on December 6, 2005. The Court issued an order on December 15, 2005 directing the petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Coleman paid the habeas filing fee on December 28, 2005 and, again, on January 9, 2006.[1]

Coleman was convicted following a jury trial in the United States District Court for the Northern District of Oklahoma

---

[1] The Clerk shall refund one habeas filing fee to the petitioner upon request.

of conspiring to possess a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 846, and of possessing a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to three hundred sixty (360) months imprisonment. The United States Court of Appeals for the Tenth Circuit affirmed. United States v. Coleman, 947 F.2d 1242 (10th Cir. 1991), cert. denied, 503 U.S. 972 (1992).

Coleman was also convicted following a jury trial in the Northern District of Oklahoma of retaliating against a witness, in violation of 18 U.S.C. § 1513(a)(1), and was sentenced to an additional sixty (60) months. The United States Court of Appeals for the Tenth Circuit affirmed. United States v. Coleman, Nos. 90-5158, 90-5165, 1992 WL 180123 (10th Cir. July 28, 1992), cert. denied, 506 U.S. 1086 (1993).

It appears that Coleman filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Oklahoma in or about November 12, 1992 concerning his drug conviction. Coleman v. United States, No. 4:92-cv-01053-HDC (N.D. Okla.). The disposition of that motion is not available through PACER.

Coleman filed another § 2255 motion in the Northern District of Oklahoma on December 30, 1996. The case was terminated on June 5, 1997, apparently because the motion was transferred to the Tenth Circuit for consideration of whether the prisoner should

be afforded leave to file a second or successive § 2255 motion. Coleman v. United States, No. 4:96-cv-01201-hdc (W.D. Okla.).

Coleman filed a petition for a writ of error coram nobis in the United States District Court for the Northern District of Oklahoma on December 11, 2000 in which he challenged his sentence in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Judgment was entered in favor of the Government on January 15, 2003. Coleman v. United States, No. 4:00-cv-01048-trb (N.D. Okla.).

Petitioner filed a motion, which was docketed as a petition pursuant to 28 U.S.C. § 2241, in the Northern District of Oklahoma on May 12, 2005, seeking relief from the sentence imposed in the drug cases on the basis of the Supreme Court's decisions in Apprendi, Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). The petition was denied in an order issued on June 22, 2005 on the ground that the issue presented is only cognizable in a § 2255 motion. Coleman v. United States District Court for the Northern Dist. of Okla., et al., No. 05-cv-263-SAJ (M.D. Fla.). Coleman did not appeal.

He has now filed a § 2241 petition which argues that the judgment in his drug case is void in light of Booker.

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of

Parole, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[2]

---

[2] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.")
(continued...)

Moreover, in order to obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

Coleman is not entitled to relief pursuant to Booker in this § 2241 petition for several reasons. First, this claims goes to the imposition of Coleman's sentence rather than its execution, making them inappropriate for a § 2241 petition. See supra pp. 3-4.

Second, the Sixth Circuit has held that a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Booker,

---

[2]    (...continued)
(quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Coleman has no valid argument that he is actually innocent, he cannot raise his Booker claim in a § 2241 petition.

Third, Coleman has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his Booker claim. In this case, Coleman apparently did not seek permission from the Tenth Circuit to file a second or successive § 2255 motion raising that claim. Even if he filed a petition that was denied, that fact, standing alone, does not establish that the § 2255 remedy is inadequate or ineffective. Charles, 180 F.3d at 756.[3]

As Coleman is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and

---

[3] The petitioner asserts, in a footnote, that "should the issue of retroactivity arise, the Court should take judicial notice of the fact that, in In re Gary William Holt, No. 05-9233, the issue of retroactivity of Booker is before the Supreme Court. Petitioner here has an interest in that case as he is incorporated therein as a party." Pet. at 6 n.3. There is no case currently pending before the Supreme Court involving Gary William Holt, who, like Coleman, is incarcerated at FCI-Memphis. Moreover, if even the Supreme Court were to hold that Booker is retroactively applicable to cases on direct review, a § 2241 petition would not be the proper vehicle for obtaining relief on the basis of Booker.

require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds,

8

111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave

to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 8th day of February, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE